T.C. Summary Opinion 2017-15

UNITED STATES TAX COURT

DORIS GAINES AND GEORGE GAINES, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6421-15S.                    Filed March 16, 2017.

Nathan B. Kennedy, for petitioners.

Michael T. Garrett, for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated December 10, 2014 (notice), respondent determined deficiencies in, and imposed section 6662(a) accuracy-related penalties with respect to, petitioners' Federal income tax as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|---------------------|
| 2011 | $9,513 | $1,902.60 |
| 2012 | 6,544 | 1,308.80 |
| 2013 | 6,360 | 1,272.00 |

After concessions,[2] the issues for decision are whether petitioners are: (1) entitled to trade or business expense deductions for each year in issue for car and truck expenses; (2) entitled to an $18,000 itemized deduction for 2013 for charitable contributions attributable to gifts other than cash; and (3) liable for section 6662(a) accuracy-related penalties.

---

[2]Petitioners concede that: (1) respondent properly increased their gross receipts reported on Schedule C, Profit or Loss From Business, by $18,900 for 2011 to account for the $32,500 in nonemployee compensation Mrs. Gaines received from Life Line Foster Care Agency and (2) all of the adjustments in the notice related to the deductions claimed on a Schedule C other than the deductions for car and truck expenses.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioners resided in Colorado.

Mrs. Gaines (petitioner) holds an undergraduate degree in social science and a master's degree in social work. From March 15 through October 25, 2011, petitioner worked as an independent contractor for Life Line Foster Care Agency (Life Line). During each year in issue petitioner also worked in the women's clothing department of Saks Fifth Avenue and Neiman Marcus.

At all times relevant, petitioners owned a 1998 Lexus LS400 (Lexus). Petitioner maintained mileage logs for the Lexus that show (1) beginning and ending odometer readings and (2) mileage driven weekly.

Petitioners' 2011, 2012, and 2013 Federal income tax returns were prepared by a paid income tax return preparer; but petitioner, who was the only witness called on petitioners' behalf at trial, could not recall the name of the return preparer, and that information is not otherwise in the record. As relevant here, each return includes a Schedule C relating to a business identified as Hope Consultants (Hope). Petitioner is shown as the owner of Hope on each Schedule C, but she could not recall whether Hope was actually engaged in any trade or business during 2011, 2012, or 2013.

In any event, petitioners reported income and expenses on the Schedules C relating to Hope as follows:

| Item | 2011 | 2012 | 2013 |
|---|---|---|---|
| Income | | | |
| Gross receipts or sales | $13,600 | -0- | -0- |
| Gross income | 13,600 | -0- | -0- |
| Expenses | | | |
| Car and truck | 13,845 | $15,429 | $21,640 |
| Depreciation and sec. 179 | 3,299 | 6,869 | 1,249 |
| Insurance | -0- | -0- | 588 |
| Legal and professional | 1,450 | 450 | 1,800 |
| Office | 1,200 | -0- | -0- |
| Rent or lease of other business property | -0- | 18,000 | -0- |
| Supplies | -0- | 395 | -0- |
| Meals and entertainment | 600 | -0- | -0- |
| Utilities | 1,746 | -0- | -0- |
| Other | 4,806 | 1,500 | 798 |
| Total | 26,946 | 42,643 | 26,075 |
| Net profit (loss) | (13,346) | (42,643) | (26,075) |

The gross income shown on the 2011 return is a portion of the income petitioner received from Life Line. The net losses shown on the Schedules C are taken into account in the adjusted gross incomes reported on petitioners' 2011, 2012, and 2013 returns.

Petitioners' 2013 return also includes a Schedule A, Itemized Deductions, and a Form 8283, Noncash Charitable Contributions. Petitioners claimed an

$18,000 charitable contribution deduction for gifts other than cash on the Schedule A. The Form 8283 indicates that this deduction is attributable to clothing donations made to "Goodwill". At trial petitioner testified that the deduction related to donations of clothing that were made to a church that might or might not be still in existence.

As relevant here, in the notice respondent: (1) disallowed all of the deductions claimed on the Schedule C for each year in issue; (2) disallowed the deduction for noncash charitable contributions for 2013 for failure to substantiate the amount claimed;[3] and (3) imposed a section 6662(a) accuracy-related penalty for each year in issue on several grounds, including "[n]egligence or disregard of rules or regulations" and "substantial understatement of income tax." Other adjustments made in the notice need not be discussed because the adjustments are computational, have no consequence to the deficiencies here in dispute, or as noted, have been agreed to between the parties.

---

[3]Because allowable itemized deductions were less than the standard deduction, respondent disallowed otherwise allowable itemized deductions claimed on the Schedule A and allowed petitioners the standard deduction.

## Discussion

### I. Disputed Deductions

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[4]  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  This burden requires the taxpayer to substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  See sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90; sec. 1.6001-1(a), Income Tax Regs.

---

[4]Petitioners do not claim and the record does not show that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

A.  Car and Truck Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  If deductible under section 162(a) or otherwise, expenses described in section 274(d), namely, travel, entertainment, gift, and "listed property" expenses, may not be deducted unless the strict substantiation requirements of that section are satisfied.  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  "Listed property" includes any passenger automobile.  Sec. 280F(d)(4)(A)(i).  To satisfy the requirements of section 274(d), a taxpayer generally must maintain adequate records or produce sufficient evidence corroborating his or her own statement, which, in combination, are sufficient to establish the amount, date and time, and business purpose for each expenditure for travel away from home or expenditure or business use of listed property.  Sec. 1.274-5T(b)(2), (6), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016-46017 (Nov. 6, 1985).

Petitioners claimed deductions for car and truck expenses for each year in issue on a Schedule C related to Hope.  Petitioner could not remember, and it is not otherwise clear, how the deductions for car and truck expenses were

calculated, i.e., whether by actual expenses or the standard mileage rate.[5] Petitioners now take the position that they are entitled to deductions for car and truck expenses using the standard mileage rate applied to the mileage shown on petitioner's mileage logs.

Petitioner's mileage logs are not sufficient to support the deductions. In addition to other infirmities, the logs merely show weekly odometer readings; they do not include the detailed information contemplated by the above-referenced regulation. Petitioner claims to have mileage logs showing the necessary detail, but she was unwilling to disclose those logs to respondent. According to petitioner, to do so would violate confidentiality obligations owed to her clients. Because petitioner would not allow respondent to review these logs, the Court declined petitioners' invitation to an ex parte, in camera review, and the logs were not otherwise offered into evidence by petitioners.

Needless to say, we cannot take into account materials not included in the record. The evidence petitioners offered is insufficient to support their claim to the car and truck expense deductions here in dispute, and respondent's disallowances of those deductions are sustained.

_____

[5]A taxpayer may deduct vehicle expenses using either actual cost or the standard mileage rate. See sec. 1.274-5(j)(2), Income Tax Regs.

B. Charitable Contribution

Generally, section 170(a) allows a deduction for any charitable contribution made by the taxpayer. For a noncash contribution of property, in general, the amount of the allowed deduction is the contributed property's fair market value at the time of contribution. Sec. 1.170A-1(c)(1), Income Tax Regs. The property's value also determines the applicable substantiation requirements.

First, any contribution of $250 or more must satisfy the requirement of section 1.170A-13(f)(1), Income Tax Regs., which provides that to be allowed a charitable contribution deduction of $250 or more, the taxpayer must substantiate the contribution with a contemporaneous written acknowledgment from the donee organization.[6]

Second, for noncash contributions in excess of $500, a taxpayer must maintain reliable written records with respect to each donated item. Sec. 170(f)(11)(A) and (B); sec. 1.170A-13(b)(2) and (3), Income Tax Regs. These

---

[6]An acknowledgment is contemporaneous if the donee provides it on or before the earlier of the date on which the taxpayer files a return for the year of the contribution or the due date, including extensions, for filing that return. Sec. 170(f)(8)(C). The acknowledgment must: (1) include "a description (but not value) of any property other than cash contributed"; (2) state whether the donee provided any goods or services in exchange for the gift; and (3) include a description and good-faith estimate of the value of any goods or services the donee provided. Sec. 170(f)(8)(B); sec. 1.170A-13(f)(2), Income Tax Regs.

records must include, inter alia: (1) the approximate date and manner of the property's acquisition; (2) a description of the property in detail reasonable under the circumstances; (3) the property's cost or other basis; (4) the property's fair market value at the time of contribution; and (5) the method by which its fair market value was determined. Sec. 1.170A-13(b)(2)(ii)(B), (C) and (D), (3)(i)(A) and (B), Income Tax Regs.

Third, for noncash contributions of property with a claimed value of $5,000 or more, a taxpayer must--in addition to satisfying both sets of requirements described above--obtain a "qualified appraisal" of the donated item(s) and attach to his tax return a fully completed appraisal summary on Form 8283. Sec. 170(f)(11)(C); Jorgenson v. Commissioner, T.C. Memo. 2000-38 ("The IRS has prescribed Form 8283 to be used as the appraisal summary."); sec. 1.170A-13(c)(2), Income Tax Regs.

Petitioners claimed an $18,000 charitable contribution deduction on the Schedule A for 2013. According to petitioners, the deduction relates to donations of various items of petitioner's clothing to a church.[7] Other than generalized references to various clothing designers and the quality of the items petitioners

_____

[7]Petitioners did not explain the discrepancy between the donee shown on petitioners' return and the donee referenced in petitioner's testimony.

claimed to have donated, no details as to the number of specific items donated or the value of any specific item have been provided. Petitioners did not present any written substantiation for the charitable contribution deduction, nor could petitioner recall how the value of the donations was calculated. Petitioners have failed to establish their entitlement to the charitable contribution deduction claimed on their 2013 return, and respondent's disallowance of the deduction is sustained.

II. Section 6662(a) Accuracy-Related Penalty

According to respondent, petitioners are liable for a section 6662(a) accuracy-related penalty for each year in issue because, among other reasons, the underpayment of tax required to be shown on their return for each year is a substantial understatement of income tax.[8] See sec. 6662(a) and (b)(2).

Respondent bears the burden of production with respect to the imposition of the penalty for each year, see sec. 7491(c), and that burden has been met because the understatement of income tax exceeds the greater of 10% of the tax required to be shown on the return or $5,000, see sec. 6662(d)(1)(A); sec. 1.6662-4(b), Income Tax Regs.

_____

[8]For each year in issue, the deficiency, underpayment of tax, and understatement of income tax are computed in the same manner. See secs. 6211, 6662(d)(2), 6664(a).

Petitioners have failed to show that they had reasonable cause and acted in good faith with respect to the underpayment for any of the years in issue.  <u>See</u> sec. 6664(c)(1); <u>Higbee v. Commissioner</u>, 116 T.C. 438 (2001).  Petitioners are liable for the section 6662(a) accuracy-related penalty for each year in issue.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.